WILLIAM H. LANNING, APPELLEE, v. MICHAEL P. MUSSER ET AL., APPELLANTS.

FILED FEBRUARY 15, 1911. No. 16,301.

1. **Adverse Possession.** To constitute title to real estate by adverse possession and limitation, the possession must be open, notorious,

exclusive and adverse to the owner and every other person during the entire statutory period of 10 years.

2. ———: EVIDENCE. Where the land in question was adjacent to lands owned and occupied by the claimant, was not inclosed, nor were any buildings or other improvements thereon, the live stock of the claimant allowed to cross over and graze upon the land, the live stock of others not being excluded therefrom—the land being an open common—this did not constitute such adverse and exclusive possession as would ripen into a title by limitation.

3. Taxation: TAX FORECLOSURE SALE: NOTICE TO REDEEM: SERVICE. Where real estate was purchased at tax sale under the law as it existed in 1903 and during the month of June, 1905, the notice of expiration of time in which to redeem was not required to state the time when the purchaser would apply for a deed. The sheriff of the county where the notice was to be served was the proper person to serve the same, the service being made by him in his official capacity.

4. ———: ———: ———: CONSTRUCTIVE SERVICE. The notice of expiration of time in which to redeem was directed to C. as "receiver of the McKinley-Lanning Loan & Trust Company, Herman A. Peters," and was served upon Peters by the sheriff, but C. was a nonresident of the county and personal service could not be made upon him therein. Notice was given by publication. The notice, as published, was directed to C. as "receiver of the McKinley Loan & Trust Company." C. was the receiver of the McKinley-Lanning Loan & Trust Company. *Held*, That the notice as published was deficient and did not confer jurisdiction.

5. ———: ———: ———: PROOF OF SERVICE. The affidavit of the publisher of the newspaper in which the notice was published stated that the notice was published three consecutive weeks in said newspaper, the first publication being made on the 30th day of June, and the last publication on the 14th day of July. The affidavit was sworn to on the 2d day of July of the same year. *Held*, That the proof of publication was insufficient.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. M. Morrissey, R. C. Patterson* and *A. G. Fisher,* for appellants.

*A. W. Crites, contra.*

REESE, C. J.

This is an action to quiet the title to lands described in the pleadings. The decree of the district court went in favor of the plaintiff. The defendants appeal, and file separate briefs.

The defendants filed a motion to strike out certain designated portions of plaintiff's petition, and at the same time and in connection with the motion each one filed a general demurrer and answer. It is claimed in the briefs that the motion to strike and the demurrers were over-ruled over defendants' exceptions. The record before us fails to show any action by the court upon said motion and demurrers, and the cause proceeded to trial upon the issues as formed in the pleadings. No error can be predicated upon this part of the case. If defendants desired rulings upon that motion and demurrers, they should have requested action of the court, and that should have been done before filing the subsequent pleading. The filing of the answers without a ruling waived both. The action, as against Musser, was to cancel a treasurer's tax deed which is alleged to be void for want of compliance with the law. Tender and offer to redeem is alleged. As against Peters, the allegation is that he is in possession of the property without right, but by what authority he claims to own the land is not shown by the county records, and plaintiff does not know. By his answer Musser pleads adverse possession for Peters, and asserts title in favor of himself under his tax deed, and denies tender and offer to redeem by plaintiff. Peters asserts title by adverse possession and limitation. As to Peters' defense the evidence fails to establish his claim. Aside from the evidence submitted that he sought to and did become the tenant of the holder of the legal title during the statutory period, there is no such evidence of exclusive adverse possession as the law requires by which a title can accrue or possession can be protected. The evidence clearly establishes the fact that during the whole time of his alleged

possession the land had been unimproved, unfenced, un-
cultivated, and without buildings of any kind—an open
common.   He owned a large flock of sheep which pastured
upon that and other lands, not owned by him, and upon
which the stock of other people could go at pleasure.   No
effort at exclusive possession is shown.   It is shown that
at some time a fire-guard had been plowed on two sides
of the land, but that same fire-guard was extended around
a number of other tracts owned by others, as well as him-
self, and it is apparent that its only purpose was to pre-
vent fires from burning off the pasture of a large tract
which he desired to protect.   During the progress of the
trial, and after plaintiff had rested, Peters orally asked
leave to amend paragraph three of his answer.   There
was no amended answer presented or offered to be filed.
The proposed amendment consists of more than a page of
typewritten matter, stated verbally to the court.   It pre-
sented no radically new issue.   The questions therein
sought to be raised were investigated by the evidence and
tried, so that the error, if any, worked no prejudice to
defendant.   But, aside from that, there was no error in
refusing an amendment, proposed as this was.   So far
as is shown by the record, it was never reduced to writing
and presented to the court for its ruling.

Plaintiff's title rests upon a proceeding by the county
of Sheridan to foreclose a tax lien upon the land.   That
suit was commenced in 1899.   The decree of foreclosure
was entered October 9 of that year.   On the 9th of No-
vember following an order of sale was issued.   At the
sale Peters was the purchaser.   The return was made,
the sale confirmed, over the objections of Lanning, one of
the parties to the suit, and deed ordered.   Before the ex-
ecution of any deed by the sheriff all parties to the action,
including Peters, appeared in open court, and it was stip-
ulated and agreed "by all of said parties that said sheriff's
deed should convey said tract of land to said Equitable
Land Company instead of to the said purchaser H. A.
Peters."   It was further stipulated that the defendants,

W. H. Lanning, trustee, and W. H. Lanning, should withdraw from the files of the cause the supersedeas bond and bill of exceptions theretofore filed. The court thereupon entered an order directing the sheriff to make the deed to the Equitable Land Company, through which plaintiff claims title, instead of to Peters, which was done. Peters now seeks to avoid that transaction by showing that the land company did not carry out its agreement with him by refunding to him the taxes which he had paid and giving him a lease upon the land, and alleges that upon its failure so to do he repudiated the agreement and continued his adverse possession. That he continued such possession as he had, without interruption by plaintiff's grantor, is without question, but it is equally clear that it was neither adverse nor exclusive. The order of the district court directing the deed to be made to the land company was right, and has never been assailed, reversed, or set aside, and the evidence in this case shows no reason why it should be.

The notice of expiration of time within which to redeem from tax sale, given by Musser to Carnahan, receiver of the McKinley-Lanning Loan & Trust Company, the then owner, and to Peters, is attacked by plaintiff as not having complied with the requirements of section 214, art. I, ch. 77, Comp. St. 1909, in that it was served by the sheriff, without affidavit of service, and that it did not notify the parties that after the expiration of three months from the date of service "the deed would be applied for." In this counsel have overlooked the fact that the notice and service and return thereof comply with the requirements of the law in force at the date of service. Comp. St. 1903, ch. 77, art. I, sec. 214. This section was amended by chapter 115, laws 1905, to read as the provision now is, but the amended law cannot be applied to this case.

Carnahan, the receiver of the McKinley-Lanning Loan & Trust Company, was a nonresident of Sheridan county at the time of the giving of the notice of expiration of time for redemption, and under the provisions of section 215,

art. I, ch. 77, Comp. St. 1903, notice was given to him by publication in a newspaper. The notice served on Peters ran to "W. H. Carnahan, receiver of the McKinley-Lanning Loan & Trust Company, Herman A. Peters," and was returned served on Peters, but that after diligent search the sheriff was "unable to find W. H. Carnahan, receiver of McKinley-Lanning Loan & Trust Co., in Sheridan county." The notice as published ran to "W. H. Carnahan, receiver of the McKinley Loan & Trust Company, Herman A. Peters." The company of which Carnahan was receiver was the "McKinley-Lanning Loan & Trust Company." The published notice was therefore insufficient to confer jurisdiction over him. It also appears by the record of the affidavit of the publisher of the newspaper that the notice was published "3 consecutive weeks, the first publication having been made on the 30 day of June 1905, and the last publication on the 14 day of July 1905," but the jurat of the notary before whom the affidavit was sworn to certifies that it was subscribed in his presence and sworn to before him on the "2 day of July 1905," which was before the publication could have been completed. The proof of publication was therefore defective and not in compliance with the law.

It follows that the decree of the district court should be affirmed, which is done.

AFFIRMED.

LETTON, J., concurs in the conclusion.

FAWCETT, J., not sitting.