JOHN MOLER, APPELLEE, V. HELEN M. CASTETTER ET AL., APPELLANTS.

FILED JUNE 16, 1913. No. 17,300.

Adverse Possession: EVIDENCE. In an action to quiet title, if it appears that plaintiff has had possession of the land for much more than 10 years under a purchase for full value and claim of title, and that he and his grantors have regularly paid all taxes that have ever been assessed against the land, one witness testifying that plaintiff has had exclusive, adverse occupancy for many years, without specifying the number of years, and there is no cross-examination nor evidence that any one else has ever had or claimed any possession, a finding that plaintiff has title by adverse possession will not be reversed solely on the contention that no witness has testified that plaintiff's possession was exclusive and adverse during the whole time that he so held the land.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*L. C. Chapman,* for appellants.

*J. A. Donohoe, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Holt county to quiet his title to certain lands in that county. The defendants answered claiming title to the land. The court entered a decree for the plaintiff, and the defendants have appealed.

The court found that the plaintiff had been in exclusive and adverse possession of the land for more than 10 years, and we think the finding is supported by the evidence. It appears that the land was wild land, and the plaintiff and his grantors have paid all taxes on the land that have ever been assessed thereon, and otherwise have had such pos-session as goes with their title papers, and for many years, if not the full term of 10 years before the action was begun, have been actually using the land to the exclusion of all persons whatsoever. The defendants offered no evi-dence as to the condition, possession and occupancy of the land, and the evidence in that regard is very meager as shown by the abstract and record.

It is very clear from the record that all of the equities are in favor of the plaintiff, and the judgment of the dis-trict court is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.