MARTIN ARMSTRONG, APPELLANT, v. SWAN P. JOHNSON ET AL., APPELLEES.

FILED OCTOBER 30, 1914.   No. 17,759.

Adverse Possession: SUIT TO QUIET TITLE. An action to quiet title to real estate is barred by the statute of limitations, when the defendant has been continuously in open, exclusive and adverse possession of the land for more than ten years prior to the commencement of the action; the plaintiff not having been under any disibilitv during that time.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland, James T. Keefe* and *Leavitt & Hotz,* for appellant.

*Wilcox & Halligan, contra.*

SEDGWICK, J.

This plaintiff contracted with the Union Pacific Railway Company, for the purchase of the land in controversy, and afterwards, in 1894, made his final payments and obtained the deed. While he held the land under contract, he paid two years' taxes thereon; but after 1894 he paid no taxes, and, never having seen the land, gave no attention to it until one of the attorneys now acting for him in the case called his attention to it some 16 or 17 years after he had received the deed. In March, 1911, he began this action in the district court for Deuel county to redeem from tax sales and quiet his title. The trial court found the issues in favor of defendants and dismissed the action, and the plaintiff has appealed.

In January, 1901, the defendant Johnson bought the land at sheriff's sale upon foreclosure of tax liens in an action brought by Deuel county. The defendant relies upon his sheriff's deed as conveying good title, and also alleges that he had been in open, exclusive and adverse possession of the land for more than ten years before this action was begun. The tax deed is assailed on various grounds; but, if the defense of adverse possession is established, it becomes unnecessary to discuss the validity of the tax deed. It appears from the evidence that when the defendant purchased this land he owned a contiguous quarter, lying northwest of this land, in section 14. He had resided upon his quarter section in section 14 with his family for many years. His residence was within less than 40 rods of the land in controversy. He held the east half of section 13 under lease, so that the land in dispute lay between his residence and the half section which he held under lease. From the time he bought this land he used it, as he did his own and the land which he had leased, for haying purposes and for herding his cattle and horses thereon. He also used in the same way the northwest quarter of section 13, but it does not appear whether he had leased that quarter, or upon what ground he appropriated its use. He notified his neighbors to keep their stock off from this land, and asserted his right to the ex-

clusive use thereof. He had paid all taxes on the land since he purchased it, and testifies that he considered it as his land from the time he purchased it at sheriff's sale. He paid something over $100 for the land, and the evidence is that at that time the amount he paid was nearly the full value of the land. Neither this plaintiff nor any one else had ever questioned defendant's right to this land until this action was begun. This evidence is not contradicted, and there is no evidence in the record that any one else has used or could use this land in any way since the defendant purchased it. The evidence as to open, exclusive and adverse possession of this land was given by witnesses in open court. The trial judge saw these witnesses and heard their testimony, and we conclude that the trial court was right in believing these witnesses and in his construction of their testimony.

The plaintiff, to support his contention that the defendant's possession was not so exclusive and adverse as to defeat the plaintiff's action, cited *Lanning v. Musser*, 88 Neb. 418; *Schwartz v. Anderson*, 92 Neb. 603; *Delatour v. Wendt*, 93 Neb. 175; *Risher v. Madsen*, 94 Neb. 72; *Moler v. Castetter*, 94 Neb. 106. Some of these cases support the conclusion that we have reached in this case, and others are so easily distinguished in their facts that it seems unnecessary to discuss them.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., dissents.

ROSE, J., not sitting.